**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4193
_____

SHAWN FERDINAND ALLISON,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-442-310)
Immigration Judge:  Honorable Judge Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2013
Before:  SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion filed:  April 11, 2013)
_____

OPINION
_____

PER CURIAM

Shawn Ferdinand Allison, proceeding pro se, petitions for review of a final order

of removal.  For the reasons discussed below, we will deny the petition for review.

1

Allison, a native and citizen of Jamaica, entered the United States without inspection in 1994. In 2011, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging Allison with removability under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Allison conceded his removability before the Immigration Judge ("IJ"), but disputed his date of entry. The IJ found Allison removable as charged.

Allison then filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). At his administrative hearing, Allison testified that he was never physically harmed in Jamaica, but that he feared returning because the Jamaican police and local gangs are anti-American and would torture or physically injure him. He further asserted that he would be targeted as a deportee from America.

On June 12, 2012, the IJ issued a written decision denying Allison's claims for relief. The IJ first determined that Allison was statutorily ineligible for asylum because he failed to file his application within one year of entering the United States. The IJ denied Allison's request for withholding of removal because Allison was unable to demonstrate a clear probability of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. The IJ noted that Allison had not submitted any evidence to support his argument that deportees are specifically targeted for persecution in Jamaica. The IJ then denied Allison's application for CAT protection, finding his claims of likely torture speculative. Finally, the IJ noted

that because Allison had been convicted of a controlled substance violation in Massachusetts state court in 1999, he was not eligible for cancellation of removal.

By order dated October 9, 2012, the Board of Immigration Appeals ("BIA") dismissed Allison's administrative appeal. The BIA first affirmed the denial of asylum, noting that Allison did not challenge the IJ's finding that he was ineligible based on an untimely filing. The BIA also agreed that Allison had not demonstrated his eligibility for withholding of removal or relief under the CAT. Finally, the BIA affirmed the IJ's finding that Allison's controlled substance conviction rendered him ineligible for cancellation of removal. Allison petitions for review of the BIA's decision.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than the IJ's. Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we look to the decision of the IJ to the extent that the BIA deferred to or adopted the IJ's reasoning. Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We "uphold the findings of the BIA to the extent that they are supported by reasonable, substantial and probative evidence on the record considered as a whole[.]" Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003).

In his brief, Allison first argues that the agency erred in finding him ineligible for cancellation of removal based on his 1999 conviction for a controlled substance offense because he was not charged with removability on that basis. However, that DHS did not charge Allison with removability as an alien convicted of a controlled substance offense did not preclude a finding that he was ineligible for cancellation of removal based on his

3

1999 conviction.  See INA § 240A(b)(1)(C) (providing that to be eligible for cancellation the alien must not have been convicted of an offense under INA §§ 212(a)(2), 237(a)(2) or 237(a)(3)).  Under INA § 212(a)(2)(A)(i)(II) specifically, an alien who commits acts constituting the elements of a controlled substance offense is inadmissible.  Allison did not demonstrate to the IJ or BIA that his 1999 conviction was not for a controlled substance offense.  Indeed, he bore the burden of doing so.  See Jean-Louis v. Att'y Gen., 582 F.3d 462, 464 n.2 (3d Cir. 2009) (citing INA § 240(c)(4)(A)(i)).  Moreover, courts have rejected the argument that an alien has a due process right to have listed in the notice to appear all crimes reflecting the alien's eligibility for discretionary relief from removal.  See e.g., Matovski v. Gonzales, 492 f.3d 722, 738-39 (6th Cir. 2007).  Accordingly, Allison's argument is without merit.

Allison next argues that the BIA erred in determining that that his 1999 conviction rendered him ineligible for asylum.  However, as mentioned, the BIA upheld the IJ's finding that Allison was ineligible for asylum because his application was untimely filed, not because of his criminal history.  In any event, even if Allison had argued that the IJ improperly pretermitted his asylum application, we lack jurisdiction to review the determination that an asylum application was untimely filed.  See 8 U.S.C. § 1158(a)(3); Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003).

4

Allison also argues that the BIA erred in denying his applications for withholding of removal and CAT relief.[1] Allison again contends that he was denied both forms of relief because of his criminal conviction. However, contrary to his assertion, the agency made no such finding. Allison also argues that he submitted ample documentation--including personal biographical information and the 2010 U.S. State Department Country Report for Jamaica--demonstrating that deportees are targeted upon their return to Jamaica. After reviewing the record, we agree with the BIA that, even assuming returning deportees constitute a social group, the Country Report does not support a finding that deportees from the United States are specifically targeted by gangs and/or the Jamaican police as a result of their status. Likewise, we agree that the evidence does not compel a conclusion that it is more likely than not Allison would be tortured by or with the consent of the Jamaican government. See 8 C.F.R. § 1208.18(a)(1).

Accordingly, we will deny the petition for review.

---

[1] In order to qualify for withholding of removal, a petitioner must demonstrate a clear probability, i.e., that it is more likely than not, that his life or freedom would be threatened because of his race, religion, nationality, membership in a particular social group, or political opinion if he returns to his country. See Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). An applicant can meet this standard by demonstrating past persecution, which creates a rebuttable presumption of future persecution, see 8 C.F.R. § 1208.16(b)(1), or by showing a clear probability of future persecution if the applicant is removed. See § 1208.16(b)(2). To qualify for relief under the CAT, a petitioner must show that "it is more likely than not that he or she would be tortured" if returned to the designated country of removal. Zubeda, 333 F.3d at 471 (quotation marks omitted).